Okay, go ahead. I'm sorry. Go ahead, please. Next, we have 2 client matters. The 1st is in Ray Klein num BAP CC 25 dash 1037. Eric Olson appearing for appellants, which include the 2nd amended client living trust. At all, John Lucas appearing for Appley. Okay, let me begin by asking these are 2 separate appeals, but they're pretty closely related. They overlap quite a bit. And there's also a prior recent decision and another appeal in this case. So I am wondering whether the parties would agree to just combine the 2 oral arguments. They may have a problem with doing it that way. Mr. Olson. I don't I don't have a problem with it. Uh, the 1st of the 10 1037, uh, is closely tied to your decision of, uh, approximately a week ago. Uh, and sorry, I perceive that, uh. There are important issues that were not handled and so I'm going to move for reconsideration, but I, I think that the result in 1037 follows. In the end from, I think it's. Okay, okay. Thank you. I understand your view. Okay. Good. Mr. Mr. Lucas. Do you think that the 15 minutes total would be fine for both of these appeals? I do, but with 1 with 1 comment, I believe that 1037, which is the 1st matter up is very related to the prior decision. That was issued in 1002, right? Substantially related. But however, I don't think that there's a lot of overlap between 1037 and 1042. there are some, some of the same arguments. That the property that subject to 1042, which is a different property. Is is subject to the same, uh, trust arguments that was being made with respect to the property that's subject to the turnover motion in the June street property so that I don't think that there's a lot of overlap in that respect, but I'm happy to deal with it in any manner that that this panel would like. Okay, let's just go with 15 minutes aside for the 2 appeals combined. I will be perhaps a little more generous than usual at the end of the 15 minutes. If somebody's running over, let's just see how that goes. So, Mr. Olson, do you want to reserve some time for rebuttal? Yes, let let let me reserve. 10 minutes. 10 minutes. Okay. Very good. Go ahead. Yes. Okay, the look, I've already stated and I think council is basically agreed with me that 1037. I deeply to all of the same issues that that are in 1002. Uh, and frankly, I think that it ought to abide the result in 1002. The other case is. It is really different there. There was a. An apartment or a condo. Uh, in Jerusalem. Uh, the. Uh, the appellants here are not Mr Klein, the debtor. They are 2 trusts. Who contend that the trust. As a result of the 2nd amendment trust. The property belongs to. Those trusts, uh, the. Uh, we, we essentially made 3 points. 1st, that it belonged to them and that the circumstances, the debtor should not be selling it. Secondly, that if the debtor. If the trustee had made a sufficient showing. Uh, to at least have the authority to sell them. That the funds ought to be somehow sequestered. Or determination of who owns them and then finally. Uh, there, there was significant payments. That were made in order to. Sort of like a homeowner association dudes only they were a lot bigger than that. And those payments were the trustee does not claim that. He paid paid any of those payments for the approximately 2 years that. The bankruptcy was there. Uh, the. Can I interrupt because that that I understand your point and it's made in the brief, but. I mean, isn't that really a matter for another day? Isn't that really a question of whether the, the trust have a administrative expense against the estate for the benefit of that? Yeah, if the board feels that that's the appropriate way to deal with it, that takes care of the problem. Okay, and it seems to kind of work backwards on your points. Yeah, because it really seemed from reading your brief that the issue is where the funds go. Largely, because the Israeli court previously approved the sale of the property. So. Are you really contesting the actual sale, or is this really about where the money goes? The, I think, considering that, I am sure that the sale has been consummated by now. It's a question of where the money goes. Okay, yeah. All right. Thank you. And I will note your procedure point that may solve our problem. All right, but, I mean, to your point, there's a difference between we get all the money, or we get leaving the trust, get all the money versus the trust get reimbursed for the post petition payments. They made on the 2500 dollars a month. Yes. Okay, there are those 2 possibilities, but they both address the money that. The proceeds of the sale. But the court did determine that that the Jerusalem property was property of the estate based largely upon the registry of ownership that was presented. And some of the statements made in the schedules of statements in the 1st, 3. Versions anyway, so that's really what we're here today about, though, isn't it? The. Whether the court explicitly determined that. The condo was owned by the better. And then the bankruptcy trustee. Uh, certainly is he's tacitly. The court permitted the sale to go forward. Can't get there without. I believe the court actually in the ruling made a finding specific finding that that it was owned individually. I mean, there was a determination of ownership. I believe you may be right. I, I would not make a big deal of that. Okay, but you're right. So we have. You have 2 potential claims. To do the proceeds either. So we get them all, or at least a reimbursement for. But was paid. Why don't want to invade your 10 minutes too much, but critically. Looking at the judge's decision, it looks like she had. The registry from the trustee and the statements in favor of. The ownership by by Mr. Klein, including the fact that pre petition. He was responsible for making those 2500 a month payments. And then you presented the ledger, which has been addressed at length and the prior decision that you referenced. And the court came out and said, basically, I haven't changed my opinion on on the ledger. So, why is that wrong that she had 2 sets of facts and she picked. The set of facts on the ownership that favored the trustee. Why was that error? The. The, the court fastens on this question of. Whether the the. Ledger represents. A transfer. Of the property. From the 2nd amended trust. Which is a recorded document, which says for it, but on the passing of the 1st. Of the trust stores, Erica client in this case. The. Her. Her community passes. To the process, it's. It's not something that's going on just on the ledger. So, but there was nothing to indicate. I mean, there's a difference there. I think between the June property subject to that subject to the statement of. In the trust that was recorded and the Jerusalem property was never. Subject to any, any officially recorded document within the client to even get to that point. Not withstanding the court's decision. In the prior as to the effect of that and the other matters is there. I believe you're right that there are, and I think I've taken you way into your 10 minutes. So if you want to reserve the. I'll hear what the council has to say and. It will be over. Thank you. Okay. Very good. Thank you. Mr. Lucas, please go ahead. I'm sorry. You're still muted. Following the rules, John Lucas, but you'll see things deal in Jones. I represent Bradley sharp. Who's the appellee in this matter? Because we're combining both matters and just for some shorthand and for some exactness in my references. Um, when I'm talking about 1037, I'll say the turnover motion. And when I'm talking about 1042, I'll call it the Leonardo sale. Um, insofar as the turnover motion is concerned, as this court, as this panel is aware in December of 24. Bankruptcy judge Sandra Klein approved the appellee's summary judgment motion in determining that the June street property is property of the estate. And and most recently, a panel of this court on June 5th, affirmed the bankruptcy courts ruling. In its entirety, subsequent to the approval of the summary judgment motion, the appellee filed a motion for turnover and after the debtor refers refused to tender possession, we sought another contempt order. Basically, um, empowering the, the trustee to use the United States marshals to compel their turnover. The property. Can I stop you there? I, I 2 things just fine. Didn't give you all the relief you were trying to get the 1st time through and whether that's right or wrong is maybe not. For us to say, but what's actually on appeal now are both of the orders are going to be are just the turnover order. That's an excellent question. And I'm glad that you asked the question. The turnover order, which is 5 to 7 for the record is the order that's on appeal. That's what I thought that order set March 17th, 2025 for the last day by which for the occupants to turn over possession of the June property that came and went right. And the appellee subsequently filed a contempt motion. Further relief, and we obtained that relief for into the 1st week of April. And then the US Marshall set a notice for the vacature of the property, the end of the 1st week of May. Right. And so is that it or me? I go on. Have at it. Okay, so, you know, a proper elements for a turnover motion is that the request for turnover must occur during the bankruptcy case and must involve property. The estate and the party targeted by the motion must turn over the request or have had possession of the property during the case. And it must be the type of property that a trustee would use pursuant to 363, the bankruptcy code, and it can't have inconsequential value. I think our brief goes through the elements in the court in ER, 419 through 438 goes through all those elements and dresses the factual support for satisfying each of those elements. The data was in possession of the property. She already determines his property. The estate. Now, this panel has already or a panel of this of this court has already determined that his property, the estate, it has substantial value, probably in excess of 6Billion dollars. And the trustee is going to use that to liquidate it and to pay the claims of the loud creditors. In this case, there's nothing in the brief in the opening brief that discusses the elements of turnover. It's just really sort of devoid of that. It is nothing more than a rehash of the June street appeal at docket number 25 dash 1002, which I believe this has already been settled law. And some of the things that we are critical of in the opening brief is that there are no citations to the record of appeal. And we cite that insight support for remedies or consequences for doing that. And as I just said, the opening brief is really essentially a collateral attack on. Now, sort of 2 court decisions, the summary judgment order, and also this panel or a panel of this court's ruling, affirming the summary judgment order, given that a panel of this court's affirmance of the summary judgment order, I don't think it's a good use of my time to sort of go through all of that again. And so I'm going to turn to the Leonardo matter, unless the panel has any questions. I don't the title registry in Israel reflects that the property located suite 1323, Leonardo Plaza in Jerusalem. Israel is owned by the debtor and that's in the record at 28 and 29 and the agreement by which the property was purchased by the debtor. Which is ER 21 to 27 also reflects that the debtor purchased it and there's no other record to reflect that any other party trust or entity owns the Leonardo property. Then the debtor. The property was so the trust the appellee as trustee chapter 11 trustee in the debtors case commenced a foreign proceeding in Israel to deal with this property and the other property located in Israel. Um, you know, it's the counterpart to a chapter 15, which would be filed here. The appellants never contested the sale in Israel. I mean, the sale was administered by a court, an independent court in Israel that it had jurisdiction over the Leonardo apartment. There were no objections. And, um, uh, the court approved it. And in response to that, at an abundance of caution, because. The property of the estate is worldwide and the automatic stay is worldwide. We sought the bankruptcy court here in the United States authorization to, um, I don't want to say rubber stamp, but to to go through and to make sure that we were checking all the correct boxes in any procedural air. Can I ask you a question just to probably just put something off to the side that. I noticed you're right. 2 different courts bless this right? You asked for a 363 M finding and you got 1. And nobody's arguing this is statutorily move, right? I mean, if that's just off the table, we'd have to worry about it. Just tell me that. No, it's not off the table. That's an excellent was that was that raised in anybody's briefs? I didn't know. No, it wasn't. And it's not jurisdictional. The Supreme Court tells us, right? Understood. It's not jurisdictional, but the appellate court has discretion to 363 M to dismiss the appeal for for mootness concerns. And that's something that we are going to do. We've been extremely concerted with respect to that. So the buyers of the leader department have the keys to the apartment are in the apartment and are remodeling the apartment. It's there. Well, that doesn't just go to my question. And Mr. Olson really isn't this dispute about the distribution. That's what I'm getting. Thank you. I, there isn't a dispute about the distribution as far as I'm concerned. I understand. Maybe there's going to be 1. But as the ownership, I mean, if it follows. And that's really what there is. And that was the request that Mr. Olson made in his. As you buy, you know, if it's been sold, you'll hold the money so that we can figure fully litigate the ownership. And that's the point. The ownership is really the question for the court here, isn't it? I think that the ownership is clear as day. The chapter, the appellee here, the chapter that just means that the court didn't air. And you should affirm, right? I mean, it's a little nuance here in that. Yes, you brought a motion to sell, but this motion to sell was really the proxy to determine ownership. I'm sorry, could you ask that question again? I'm not sure if I understood it. Well, you brought a motion to sell, but the property was already sold. Really what you were doing, you say, balance the spenders to make sure it was all compliant, but you were determining ownership. Which has the effect of adjudicating establishing where the money goes. I don't think that we were. Seeking a declaratory ruling. Well, you couldn't sell anything that you didn't own. That's correct. And I don't think that anybody submitted any evidence if a debtor or a chapter 11 trustee. Goes to move to sell property, the estate pursuant to section 363, the bankruptcy code. The debtor, the trustee isn't required to 1st file an adversary proceeding under 7001. Well, pop a can and what would suggest that maybe you do. If there is a good faith dispute, the point here is that there never was a good faith dispute. You took the words out of my mouth. There is not a good faith dispute here. I mean, we are we are working off. The the Israeli registry records in the sale documents, and we are dealing here with. A debtor who was taken out of possession. Who is a. A perennial affinity fraudster. Who will say anything and do anything. To cloud title for the his benefit to delay things just with respect to the June Street home. And I realize that the different thing he executed a grant deed purporting to transfer the property that. The bankruptcy court and this panel is already determined his property. The estate we can't be hamstrung. By frivolous and fraudulent efforts and to have to commit adversary proceedings, which are going to cost. Hundreds of thousands of dollars to determine and appeals to the 9th circuit when there is absolutely no good faith basis to say that the Leonardo department. Apartment is owned by anybody else other than the debtor. Is the question of payment of those post petition? I've forgotten what they're called the administrative charges for the hotel. Is that still an issue to be determined in your view? Or is the court already decided that? I don't think that there's been a request to the court to address it. I don't believe that there's anything before the court. The court has not been moved in that respect. It might have been an objection or an issue raised in the objection, but there's nothing before the court asking for an administrative expense. Can I can I turn the question around and see if I understand it? Are you telling us that? Well, then nothing in the question so far precludes that inquiry. I think that's correct. Okay. Yes. But I have, unless the panel has any other questions, I have nothing further on the Leonardo or the turnover matter. The appellee believes that both of these. While a little bit convoluted, they're convoluted on account of our adversary, unfortunately, in which we are trying to straighten out. Okay, thank you. Any further questions for the panel? I mean, okay, very good. Thank you very much. Mr. Olson back to you. You've got, let's see. About 7 minutes, so please go ahead. You're you're muted by the way. Okay.  As far as the property in Jerusalem. Statements that Council made. I was going to have two comments. One of them has been looted. That I should speak the payments that were made. Is an administrative claim. It's not no longer part of this that takes care of that I would object, however. That there were many majority of and beyond the record. Arguments. Characterizing the debtor. And I suppose by implication, the other parties who are the actual parties.  The In 1037 the June Street. In the end. That read that stands on whether the Order for summary judgment stands that case is still alive. And I think by the event. It would be operating backwards to Turn this into a ruling on the motion for summary judgment, which is itself on a field. I just ask who is in possession currently at the June Street property. Oh, the council is correct. The possession. Well, it's in the possession of the. Trust me, the bankruptcy, the clients have moved out. Yes, they have. Okay. Thank you. Consentually. All right. Anything further Mr. Olson. Okay. All right. Thank you very much. I appreciate both of you being efficient and agreeing to my last minute proposal. So thank you very much. The matter is submitted. Thank you. Thank you. Thank you. Your honors. Thank you. All right. And that is the end of our calendar. So courts and recess.
judges: Faris, Lafferty, and Spraker